IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Patterson, ) | Civil Action No.: 9:19-3378-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Cynthia Patterson's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In her Report, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision for further administrative review. The Commissioner filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and reverses and remands the Commissioner's final decision for further administrative review.

## BACKGROUND

    In February 2017, Plaintiff filed an application for DIB, alleging a disability onset date of September 1, 2014, because of osteoarthritis of the bilateral knees; deterioration of vision; arthritis in the shoulders; back pain; depression; carpal tunnel syndrome; diminished

hearing; and a painful mass on her right wrist.  Plaintiff subsequently amended her alleged onset date to June 8, 2016.

Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on September 17, 2018.  On December 10, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act.  The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review on December 3, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final

decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments

>listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2016, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: osteoarthritis of the knees, degenerative disc disease of the cervical and lumbar spine, and obesity.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) except that Plaintiff: cannot climb ladders, ropes, or scaffolds; can occasionally operate bilateral foot controls, stoop, kneel, crouch, crawl, balance, and climb ramps and stairs; and can occasionally be exposed to hazards such as unprotected heights and dangerous

machinery. Based on this RFC, the ALJ determined at step four that Plaintiff is capable to perform past relevant work as a food service supervisor. Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Act from June 8, 2016, through the date of the decision.

**II.     The Court's Review**

In her brief, Plaintiff alleges that the ALJ (1) failed to properly assess the medical source opinion evidence; (2) failed to explain his findings regarding Plaintiff's residual functional capacity ("RFC") as required by Social Security Ruling 96-8p; and (3) failed to properly evaluate Plaintiff's subjective symptomology.

In her Report, the Magistrate Judge agreed with Plaintiff that the ALJ failed to explain the RFC findings as required by Social Security Ruling 96-8p, particularly in light of the Fourth Circuit's recent opinion in *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377 (4th Cir. Jan. 21, 2021). Specifically, the Magistrate Judge found that the ALJ failed to include a function-by-function analysis of how Plaintiff's impairments impact her ability to work and instead based the RFC determination on Social Security Ruling 16-3p, which sets forth the process for evaluating the intensity and persistence of a claimant's subjective symptoms. The Magistrate Judge explained:

> Consequently, it appears that the ALJ conflated the RFC assessment with that of the symptom evaluation under SSR 16-3p, which was error. Indeed, removing the evaluation under SSR 16-3p and the discussion of the opinion evidence makes this error more apparent–do so, and all that remains is the ALJ's listing of evidence and a summary conclusion that "the above [RFC] assessment is supported by the medical and opinion evidence." Thus, at worst the ALJ's decision contains no RFC assessment at all, or, at best, it fails to "build an accurate and logical bridge" from the cited evidence to the ALJ's ultimate conclusion. Consequently, remand is warranted.

(ECF No. 16 at 12 (internal citations omitted).) Because the Magistrate Judge found that

5

the errors in Plaintiff's RFC assessment warrant remand, the Magistrate Judge declined to consider Plaintiff's remaining allegations of error but instructed the ALJ to take the issues into consideration on remand.

The Commissioner filed written objections to the Magistrate Judge's Report, asserting that none of the errors alleged by Plaintiff warrant remand. In addition, the Commissioner argues that, contrary to the Magistrate Judge's findings, the ALJ here specifically referenced the relevant regulations and Social Security Rulings and assessed Plaintiff's RFC under the correct regulatory framework. Specifically, the Commissioner argues that the ALJ considered all of the relevant evidence including treatment records, consultative examinations, medical opinions, and subjective complaints, and crafted an RFC accounting for Plaintiff's credibly established limitations. Thus, the Commissioner asserts that this case is distinguishable from *Dowling*, and the Commissioner further asserts that the Magistrate Judge erred by recommending remand based on a categorical rule when substantial evidence supports the ALJ's decision.

After review, the Court is not persuaded by the Commissioner's objections. While the Commissioner is correct that Magistrate Judge was mistaken in finding that the ALJ failed to reference the applicable regulations and rulings in the decision, the Court finds that the ALJ's mere reference to these regulations and rulings in the "applicable law" section of the decision is insufficient where, as the Magistrate Judge properly determined, the ALJ's actual RFC determination contains no assessment of how Plaintiff's impairments impact her capacity to perform the functions relevant to her disability determination, and, consequently, no narrative discussion of the evidence that supports such an assessment.

Under the relevant law, Plaintiff's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). Evaluating an individual's RFC requires an ALJ to "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.' " *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Under Social Security Ruling 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b): "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." 20 C.F.R. § 416.945(b). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable. Monroe, 826 F.3d at 179 (internal quotation marks omitted). Lastly, every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by "a narrative discussion describing [ ] the evidence" that supports it. *Thomas*, 916 F.3d at 311.

Here, although the Commissioner is correct that the ALJ devoted five single-spaced pages to discussing Plaintiff's RFC (based on a record containing only 18 pages of treatment notes) (*see* ECF No. 11-2 at 19-24), what is entirely missing from the Commissioner's discussion is any specific evaluation of the impact of Plaintiff's impairments on her ability to perform the relevant functions of sitting, standing, and walking. In other words, after a thorough review of the ALJ's decision, the Court fully agrees with the Magistrate Judge that the ALJ improperly conflated the RFC assessment with a symptom evaluation assessment under Social Security Ruling 16-3p. "But an RFC assessment is

7

a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Dowling*, 986 F.3d at 387.  As the Magistrate Judge correctly explained, nowhere does the ALJ explain how Plaintiff's severe impairments–osteoarthritis of the knees, degenerative disc disease of the cervical and lumbar spine, and obesity–impact her ability to work, or, more specifically, her ability to perform light work, which "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).  And although the Commissioner is correct that the Fourth Circuit has not adopted a per se rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis, the Court disagrees with the Commissioner that the Magistrate Judge recommends remand based on any such categorical rule.  Rather, the Court finds that remand is required here because it is clear from a review of the ALJ's decision that the ALJ simply treated the RFC evaluation as one and the same as a symptom evaluation, and nowhere does the ALJ including any narrative discussion to explain how Plaintiff's impairments impact her ability to perform the relevant work functions, thereby frustrating this Court's meaningful review.  *See Dowling*, 986 F.3d 377, 387 (explaining that "an RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same").  Accordingly, the Court agrees with the Magistrate Judge that remand is required for further administrative proceedings.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 16) is adopted in full and specifically incorporated herein; the Commissioner's objections

(ECF No. 17) are overruled; and the Commissioner's final decision is reversed and remanded pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 10, 2021
Charleston, South Carolina

---

[1] As the Magistrate Judge explained in her Report, on remand, the ALJ should take Plaintiff's additional claims of error into consideration. (*See* ECF No. 16 at 15.)